560 So.2d 802 (1990)
CITY OF HALLANDALE, Appellant,
v.
ACMAR ENGINEERING CORP., et al., Appellees.
No. 88-1428.
District Court of Appeal of Florida, Fourth District.
March 21, 1990.
Rehearing and Clarification Denied May 30, 1990.
Richard Kane, City Atty., Hallandale, for appellant.
Jeffrey L. Mandler and Clifford R. Steele of Weil, Lucio, Mandler & Croland, P.A., Miami, for appellees.
LETTS, Judge.
Pursuant to a trial court's order in 1981 which we affirmed on appeal, City of Hallandale v. Acmar Engineering Corp., 410 So.2d 629 (Fla. 4th DCA 1982), the city was ordered to approve the developer's building plans for a 1,500 condominium unit project, and issue a building permit as per the building and zoning regulations in force in 1969. For one reason or another, the development has been on hold for several years. In the interim, the city has enacted a requirement of an impact and reserve capacity fee for all developments, which fee would cost the instant developer over $1,000,000. This impact and reserve capacity fee was not in existence in 1969 and the trial court in the final judgment now on appeal held that the developer was not subject to the new ordinance imposing the $1,000,000 charge and did not have to pay it. We disagree and reverse.
In doing so, we adopt the reasoning of the Third District which held in City of Key West v. R.L.J.S. Corp., 537 So.2d 641 (Fla. 3d DCA 1989), review denied, 1800 Atlantic Developers, Inc. v. City of Key West, 545 So.2d 1367 (Fla. 1989), that a building permit does not provide a developer with a vested right to avoid later enacted fees. As the court said:
In our view, there is likewise no basis to conclude that the action of the building department of the City in approving building plans and issuing a permit (a matter within the department's jurisdiction) conferred any right upon the developer to expect that the legislative arm of the City  its council  would not enact an ordinance imposing impact fees where warranted.
We would point out further that in City of Key West, development was in progress *803 whereas in the case sub judice, it has yet to begin. See also Contractors & Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976).
Next, turning our attention to the building permit fee, we have a different view and agree with the trial court that this (or these) should be calculated based upon the 1969 ordinance. We adopt the trial court's language and reasoning in this regard as follows:
Since the permit fee, as established by the defendant city in 1969, is calculated based upon an estimate of the cost of construction, the estimate of the cost of construction which the plaintiffs are to supply to the defendant at the time the fee is paid shall be predicated upon the estimated construction cost at the time the permit is issued rather than the cost in 1969. The fee to be paid is calculated as follows: $12.50 for the first $1,000 of estimated cost of construction, and $2.80 for each additional $1,000 of estimated construction cost.
The trial court's order entered in 1981, and approved by this court as we have already noted, commanded that the permit be issued upon payment of the permit fee in accordance with the building and zoning regulations in force on August 26, 1969. So be it.
In all other respects, not inconsistent herewith, the trial judge's order is hereby affirmed.
REVERSED IN PART; AFFIRMED IN PART.
DOWNEY and ANSTEAD, JJ., concur.